IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HOWARD EALY,** | ) CV F 02-5897 AWI WMW P<br>) |
| **Plaintiff**, | ) **ORDER ADOPTING FINDINGS**<br>) **AND RECOMMENDATIONS IN** |
| v. | ) **PART**<br>) |
| **DR. ZOLLER, et al.,** | ) **ORDER REFERRING MATTER**<br>) **TO MAGISTRATE JUDGE** |
| **Defendants.** | )<br>) |

Plaintiff Howard Ealy is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On February 18, 2005, Plaintiff filed a third amended complaint. The third amended complaint names Dr. Zoller, Dr. Rhodes, Dr. Kim, MTA Sinclair, and Dr. John Doe #1 as Defendants. The third amended complaint alleges that the named Defendants knew Plaintiff suffered from chronic pain but failed to properly examine Plaintiff, order tests, and provide pain relief.

On February 28, 2005, the Magistrate Judge filed Findings and Recommendations recommending the action be dismissed for Plaintiff's failure to state a claim. These Findings and Recommendations were served on Plaintiff and contained notice that any objections to the Findings and Recommendations were to be filed within thirty days.

On March 28, 2005, Plaintiff filed objections. Plaintiff contends that he has sufficiently alleged Defendants were deliberately indifferent to his serious medical needs. In the event the court agrees with the Magistrate Judge, Plaintiff asks for leave to file an amended complaint.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)C) this court has conducted a de novo review of this case. See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983). Having carefully reviewed the entire file, the court declines to adopt the Findings and Recommendations in part. Title 28 U.S.C. § 1915A(a) requires the court to screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Upon screening, the court shall either identify the cognizable claims or dismiss the complaint or any portion of the complaint that is frivolous, malicious, or fails to state a claim or seeks monetary relief from a defendant who is a immune from such relief. 28 U.S.C. § 1915A(b).

The court finds that Plaintiff's allegations in the third amended complaint are sufficient to give rise to claims for relief under 42 U.S.C. § 1983 against Dr. Zoller, Dr. Rhodes, Dr. Kim, and MTA Sinclair. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992),

overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Although "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim," Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted), the court cannot find, at this early stage in the proceedings, that Plaintiff's claims are based on nothing more than his disagreement with the treatment provided.  The needless suffering of pain may be sufficient to demonstrate further harm for the purposes of an Eighth Amendment claim.  Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002).  Therefore, the refusal to provide Plaintiff with effective pain medication and treatment may amount to deliberate indifference in light of Plaintiff's allegations that Defendants knew he had chronic pain.  Because Plaintiff alleges his medical condition warranted further treatment and evaluation and Defendants knew this but failed to provide further care, Defendants may have acted with deliberate indifference.

      The court may only find that a complaint fails to state a claim and dismiss the complaint if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002).  Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims."  Id.  "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'"  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).  However, to avoid dismissal for failure to state a claim, the court finds that Plaintiff only needs to have put the opposing party on notice of the claim.  See Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004).  In this case, the third amended complaint states a claim against Dr. Zoller, Dr. Rhodes, Dr. Kim, and MTA Sinclair because the third amended complaint alleges that these Defendants knew of Plaintiff's pain and deliberately disregarded it by failing to obtain Plaintiff pain medication, testing, and treatment.

The court notes that the third amended complaint also appears to name Dr. John Doe #1 as a Defendant. Plaintiff alleges that Dr. John Doe #1 is the institution's chief medical officer and failed to address appeals. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993). In the third amended complaint, Plaintiff fails to allege which prison Dr. John Doe #1 is the chief medical officer for and exactly what information he was made aware of in prison appeals. As such, the court adopts the recommendation that the complaint be dismissed as to Dr. John Doe #1.

Accordingly, it is HEREBY ORDERED that:

1. The court adopts the Findings and Recommendations issued by the Magistrate Judge on February 28, 2005 in part;
2. Dr. John Doe #1 is DISMISSED from this action; and
3. This matter is referred back to the Magistrate Judge to order service as to the other Defendants.

IT IS SO ORDERED.

**Dated:   August 22, 2005**          **/s/ Anthony W. Ishii**
0m8i78                                 UNITED STATES DISTRICT JUDGE